NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

JAMIE LAMONT TERRY, *Appellant.*

No. 1 CA-CR 17-0118
FILED 12-19-2017

---

Appeal from the Superior Court in Maricopa County
No. CR2016-102001-001
The Honorable Peter C. Reinstein, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Office of the Legal Advocate, Phoenix
By Frances J. Gray
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Peter B. Swann and Judge Samuel A. Thumma joined.

---

**M c M U R D I E**, Judge:

¶1        Jamie Lamont Terry appeals his convictions of aggravated assault and assault and the resulting sentences. Terry's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, she found no arguable question of law that was not frivolous. Terry was given the opportunity to file a supplemental brief, but did not do so. Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Terry's convictions and sentences.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Terry and T.P. had been in a romantic relationship for seven years. T.P. ended the relationship in early January 2016, moved away from Terry into her parent's house, and did not respond to Terry's calls.

¶3        On January 13, 2016, around 8:30 p.m., T.P. was walking home from visiting a friend when Terry approached her. Terry angrily told T.P.: "Bitch, I'll kill you." Terry grabbed T.P. by her throat with both hands and began squeezing. Unable to breathe, T.P. blacked out and woke up lying on the ground. T.P. had urinated on herself and was having trouble breathing. Terry told her to get up and follow him. Fearing for her life, T.P. complied. Terry took T.P. to a parking lot behind a closed business and punched her at her temple with his fist, telling her she would die that night. Terry proceeded to kick T.P. multiple times, slapping her, calling her names, throwing landscaping gravel on her, and spitting at her. Terry urinated on T.P.'s face and head, and threatened her by saying: "I'll stab the shit out of you," while holding an opened knife in his hand.

¶4        Terry did not kill T.P., and T.P. was later examined by a forensic nurse, who documented T.P.'s injuries. The nurse testified as an expert that 10 seconds of light pressure on the larynx will render a person unconscious, and 15 seconds of pressure on the carotid artery can result in

loss of control of the bladder sphincter. Terry made statements to one of his family members acknowledging that he had assaulted T.P.

¶5        Terry was indicted on four counts: Kidnapping, a Class 2 felony (Count 1); Aggravated Assault, a Class 4 felony (Count 2); Aggravated Assault, a Class 3 dangerous felony (Count 3); and Assault, a Class 1 misdemeanor (Count 4). The State alleged that Counts 1, 2 and 3 were domestic violence offenses and filed allegations of prior felony convictions and aggravating circumstances.

¶6        Terry was found competent to stand trial. The first trial ended in a mistrial after the jury was unable to reach agreement on any of the four counts. Terry's second trial resulted in the jury deadlocked concerning Count 1 and the superior court declared a mistrial regarding that count. Count 1 was amended to a charge of Influencing a Witness, a Class 5 felony, to which Terry later pled no contest.

¶7        After a seven-day trial, the jury found Terry guilty of aggravated assault (Count 2) and assault (Count 4), both domestic violence offenses. The jury acquitted Terry on Count 3. The superior court found Terry had six prior felony convictions and was therefore a Category 3 offender.

¶8        The court sentenced Terry to an aggravated term of 11 years' imprisonment on Count 2. The court gave Terry credit for 394 days of presentence incarceration. Regarding Count 4, the superior court entered a terminal disposition of 394 days. On Count 1, the court suspended the imposition of a sentence and placed Terry on probation for a period of 3 years beginning on his release from prison on Count 2. Terry timely appealed. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, as well as Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1), 13-4031, and 13-4033(A).

## DISCUSSION

¶9        We have read and considered counsel's brief and have reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

¶10        Terry was present and represented by counsel at all stages of the proceedings against him. The record reflects the superior court afforded Terry his constitutional and statutory rights, and the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence

presented at trial and summarized above was sufficient to support the jury's verdicts. Terry's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

**CONCLUSION**

**¶11** Terry's convictions and sentences are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Terry's representation in this appeal will end after informing Terry of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Terry has 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA